[No. 14311. In Bank. — October 28, 1891.]

B. H. COVELL, APPELLANT, v. W. W. WASHBURN, RESPONDENT.

MECHANICS' LIENS — ACTION BY CONTRACTOR — UNRECORDED CONTRACT — ASSUMPSIT FOR REASONABLE VALUE — SET-OFF — LIENS OF MATERIAL-MEN — ATTORNEY'S FEES AND COSTS. — The owner of a building who is sued by a contractor who erected the building under an unrecorded contract, for the reasonable value of the work and labor performed and materials furnished, may set off the amount paid by him upon foreclosure of liens of material-men for materials furnished to the contractor, including the amount allowed and paid for attorney's fees and costs, as well as for principal and interest of the liens.

ID. — LIABILITY OF OWNER — PAYMENT OF MATERIAL-MEN — FORECLOSURE DEFENSE OF CONTRACTOR. — The owner of a building is not personally liable for the debts of the contractor to persons furnishing materials to him, and is not under obligation to the contractor to pay his debts to the material-men, without suit, or to anticipate that the contractor will have no defense against them in a suit brought by them to enforce and foreclose their liens.

APPEAL from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion of the court.

*Chauncey H. Dunn, S. Solon Holl,* and *Taylor & Holl,* for Appellant.

The contract between plaintiff and defendant's intestate for the erection of the dwelling-house for an agreed price, not complying with the provisions of the Code of Civil Procedure, was wholly void. (Code Civ. Proc., secs. 1183, 1184; *Kellogg v. Howes,* 81 Cal. 170; *Lumber Co. v. Gottschalk,* 81 Cal. 641.) Plaintiff's only recourse, then, was a suit upon an implied contract. (*De Boom v. Priestly,* 1 Cal. 206; *Reynolds v. Jourdan,* 6 Cal. 108; *Castagnino v. Balletta,* 82 Cal. 250; *Fuller v. Reed,* 38 Cal.

99; *Patten* v. *Hicks*, 43 Cal. 509; *Wetmore* v. *San Francisco*, 44 Cal. 295; *Pixley* v. *Western Pac. R. R. Co.*, 33 Cal. 198; 91 Am. Dec. 623; *Foulke* v. *San Diego etc. R. R. Co.*, 51 Cal. 365; *Cox* v. *McLaughlin*, 76 Cal. 60; 9 Am. St. Rep. 164.) As there was no express contract between the parties, the attempted express contract being void under the statute, there can be no attorney's fee allowed either party against the other party. (*Williams* v. *Mac-Dougall*, 39 Cal. 80, 85; *Sichel* v. *Carrillo*, 42 Cal. 493, 508; *Alden* v. *Pryal*, 60 Cal. 215; *Stockton Sav. & Loan Soc.* v. *Donnelly*, 60 Cal. 482; *Rapp* v. *Spring Valley Gold Co.*, 74 Cal. 532.)

*Johnson, Johnson & Johnson,* for Respondent.

VANCLIEF, C. — The action is to recover the reasonable value of labor done and materials furnished by plaintiff, at defendant's request, in the building of a house for defendant, alleged to be $2,500, of which $560 are admitted to have been paid, and judgment is demanded for the balance, — $1,940.

The plaintiff recovered judgment for the sum of $423.15, with costs, but appeals from the judgment, on the judgment roll, and claims that upon the facts found by the court he is entitled to judgment for an additional sum of $187.15.

The findings show that there was a written contract between the parties for the building of the house by the plaintiff for the price of $3,250, but that the contract did not comply with sections 1183 and 1184 of the Code of Civil Procedure, and was never filed in the office of the county recorder; that plaintiff began the erection of the building and the furnishing of the materials therefor according to the terms of the void written contract, with the knowledge and consent and at the request of defendant, and continued the work during a period of about four and a half months, and then ceased to work before the building was completed, and thereafter did no more work and furnished no more materials; that the labor performed and materials furnished by plaintiff were rea-

XCI. CAL.—36

sonably worth $2,193.50, of which $560 had been paid; that two persons from whom plaintiff had purchased lumber and materials on credit filed liens on the building for the price of such lumber and materials, amounting to about $1,070, and thereafter commenced actions against plaintiff *and defendant* herein to foreclose their liens. A decree of foreclosure was rendered for the full sums for which the liens had been filed, and in addition thereto, for $175 allowed by the court for attorney's fees in the foreclosure suits, and $12.15 costs. To discharge his house from the liens, the defendant herein paid all these sums, and the court allowed them as offsets against plaintiff's demand in this action. The plaintiff herein having been a party to the suit in which the liens were foreclosed, the validity of the foreclosure decree is not questioned; nor is it questioned that the defendant herein was entitled to set off the amount of the principal and interest, adjudged to be due the lien-holders in the foreclosure suits, which he had paid; but it is contended that he was not entitled to set off the attorney's fees and costs allowed in the foreclosure suits, — not because they were improperly allowed in those suits, but because he should have paid the debts to secure which the liens had been filed, without suit, and thus have saved the expenses and costs of those suits.

In his brief, counsel for appellant state the question thus: "Had defendant the right to litigate, as between himself and the lien-holders, the validity of their liens, and if defeated, to offset against the benefit conferred on him by plaintiff the costs and expenses of such litigation?"

It should not be overlooked that defendant herein was not personally liable for the debts of plaintiff to the lien-holders for the materials furnished by them to plaintiff, and that he cannot be presumed to have known whether or not the plaintiff herein had any valid defense to the foreclosure suits. Had the defendant herein paid the demands on which the material-men had filed liens, without suit and without the request of the plaintiff, he

would have done so at his peril of being adjudged to have paid them as a mere volunteer, to the extent to which the demands paid may not have proved to be valid liens upon his property, and to this extent he would have had no recourse upon the plaintiff for indemnity; besides, he would have imposed upon himself the burden of proving that the demands paid by him were valid debts of the plaintiff, secured by valid liens upon defendant's property, or that he had paid thereon at plaintiff's request. He was never under any obligation to *plaintiff* to pay plaintiff's debts to the material-men. His only obligation to plaintiff was to pay him so much as the labor he had performed and the materials he had furnished and used on defendant's house were reasonably worth. Against this obligation he was entitled to set off plaintiff's obligation to indemnify him for all that he had been compelled to pay to relieve his property from the liens thereon to secure plaintiff's debts, including the attorney's fees and costs in the suits to enforce those liens.

I think the judgment should be affirmed.

FITZGERALD, C., and BELCHER, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.