[S. F. No. 835. Department Two.—February 28, 1899.]

## C. A. MACOMBER, Appellant, v. L. M. BIGELOW, Respondent.

MECHANICS' LIENS—VOID CONTRACT—ACTION BY ASSIGNEE OF CONTRACTORS—PENDENCY OF ACTIONS BY SUBCONTRACTORS—CONTINUANCE—SETOFF OF COSTS.—In an action by an assignee of building contractors for the reasonable value of services performed and materials furnished by them under a void building contract, where it was pleaded in the answer and admitted at the trial that actions were pending for the foreclosure of liens in favor of subcontractors, it is the duty of the court to continue the trial of the case until the actions in favor of the subcontractors should be tried and determined, in order to secure to the defendant the right of setoff of the amount of costs and attorney's fees in such actions against the claim of the contractor, it being his duty to have paid his debts to the subcontractors, or to have defended the suits brought by them at his own expense.

ID.—CLAIMS OF SUBCONTRACTOR—PRIVITY OF CONTRACT—ENFORCEMENT OF LIENS—DEFENSE BY OWNER.—There is no privity of contract between subcontractors, and the owner of the building, and he is not personally liable to them; but, where the contract is void as not having been properly recorded, they are entitled to enforce their liens against his property, if valid, and the owner may defend the suits for the foreclosure of their claims of lien at the expense of the contractor.

ID.—QUANTUM MERUIT—INTEREST NOT ALLOWABLE.—In an action of *quantum meruit*, to recover the reasonable value of services and materials, the amount, character, and value of which could only be established by evidence, and which are not susceptible of ascertainment, either by computation, or by reference to market rates, interest cannot be allowed prior to the decision of the case.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. Charles W. Slack, Judge.

The facts are stated in the opinion.

Henley & Costello, and R. R. Bigelow, for Appellant.

Knight & Heggerty, and William M. Madden, for Respondent.

GRAY, C.—This action was brought by the assignee of Belyea and Rogers for services performed and materials furnished by plaintiff's assignors for defendant under a building contract, which was void for failure to comply with the requirements of section 1183 of the Code of Civil Procedure as to recording before work commenced, et cetera. The defendant answered, the case was tried before the court without a jury, and the plaintiff had judgment for the reasonable value of the services performed and the materials furnished, together with interest thereon from the date that the same were so performed and furnished. The defendant moved for a new trial on the grounds, among others, that the court erred in not continuing, staying, and abating this action and the trial thereof until certain other actions, which had been begun against defendant by subcontractors to enforce their liens against the property which was the subject of the void contract, could be tried and determined. Another ground of the motion for a new trial was that the claim sued upon, being an unliquidated demand, no interest could be recovered with it. I think the new trial was properly granted on these grounds.

There was no privity of contract between these subcontractors and the defendant herein, they having furnished the materials and performed the labor on the building under a contract with plaintiff's assignors only. The defendant, therefore, was not personally liable to them, but they were entitled merely to enforce their liens against his property. It became necessary, as a measure to his own self-protection, to defend these foreclosure suits of the subcontractors, that the sums due under them might be ascertained and fixed by the judgment of the court. This was the best way he had of ascertaining whether the claims of the lienholders were valid or not. And it was also the duty of the contractor, under section 1193 of the Code of Civil Procedure, to bear the burden and expense of defending these actions of foreclosure. Appellant says that this section 1193 and the requirement thereof that the contractor defend at his own expense any action brought against the property which is the subject of the contract for work done or mate-

rial furnished to him, the contractor, applies only in cases where the contractor has a valid contract which has been recorded in compliance with the mechanic's lien law and he himself has a lien on the property. This contention can have no controlling force in this case. That identical argument was made before this court in Bank in a case where the building contract was void in the same way that it is in the case at bar, and the court held that the defendant was entitled to set off the costs and attorneys' fees incurred in defending the foreclosure suit of the subcontractor against the claim of the contractor on a *quantum meruit.* (*Covell v. Washburn,* 91 Cal. 560.) In the case at bar, it was pleaded in the answer and admitted at the trial that there was then pending in another department of the superior court of San Francisco a suit brought by plaintiff herein against defendant herein to foreclose a claim of lien for five thousand nine hundred and seven dollars and nineteen cents, originally in favor of one Madigan, but assigned to this plaintiff before he brought such suit, and that such claim of lien was for work and materials furnished at request of Belyea and Rogers upon the same property that was the subject of the void builder's contract mentioned above. It was also pleaded and admitted that two other similar foreclosure suits against such property and against this defendant were pending. To properly protect the right which defendant had, under section 1193 of the Code of Civil Procedure, to require the contractor to bear the expense of these foreclosure suits and to secure to defendant the right to "deduct from the amount due from him to the contractor" the amount of any costs that might accrue in such foreclosure cases, it was necessary that this action should have been continued until the amount of those costs were ascertained. These could have been ascertained at the conclusion of the trials of those cases and not before, and to that time should the trial of this case have been continued. If it be urged that this would result in great delay in the collection of plaintiff's claim, the reply is, that is the contractor's fault; he might have avoided all delay by paying his debts to these lienholders. These were and are his debts, and not the debts of this defendant. It follows, then, that for the reason of the refusal of the court to continue the cause until the amount of the costs and attor-

ney fees in the foreclosure suits could be determined and set off against plaintiff's claim herein it was proper for the court to grant the new trial.

The appellant himself does not contend that the court could properly allow interest to be recovered in the case, and the suit being on a *quantum meruit* "for the reasonable value of services and materials, the amount, character and value of which could only be established by evidence in court or by an accord between the parties, and which are not susceptible of ascertainment either by computation or by reference to market rates," it would seem that the court erred in holding that interest might be recovered prior to the decision of the case. (*Cox v. McLaughlin,* 76 Cal. 60; 9 Am. St. Rep. 164; *Swinnerton v. Argonaut etc. Co.,* 112 Cal. 375); and for this reason also the court properly granted a new trial.

The order granting a new trial should be affirmed.

Britt, C., and Pringle, C., concurred.

For the reasons given in the foregoing opinion the order granting a new trial is affirmed.

Temple, J., McFarland, J., Henshaw, J.,