[Sac. No. 663.   Department One. — July 24, 1901.]

JAMES C. SMITH, Respondent, v. CHARLES F. BLAN-
DIN, Appellant.

VENDOR AND VENDEE — FAILURE OF CONSIDERATION — RESCISSION BY
VENDOR. — Under section 1689 of the Civil Code, a vendor under an
executory contract for the sale of land is entitled to rescind the same,
upon the ground of a failure of the consideration of his agreement,
upon default of the vendee in making payment of the first install-
ment of the purchase price within the time agreed, upon restoring
to the vendee everything of value received by him; and this is so,
whether or not the contract made time of the essence of the agree-
ment.   And in order to perfect the rescission, it was not necessary
for the vendor to deliver or offer to deliver a deed to the vendee of
a portion of the land which the vendee had the privilege of selecting
upon the payment of such installment.

ID. — PLEADING — ALLEGATION OF FRAUD. — The complaint in an action
for a rescission on the ground of such failure of consideration states
but one cause of action, notwithstanding an allegation that the
vendee at the time of making the agreement had no intention to
perform the same.

APPEAL from a judgment of the Superior Court of San
Joaquin County.   Joseph H. Budd, Judge.

The facts are stated in the opinion.

Nowlin & Fassett, and Fairall & Carroll, for Appellant.

Nicol, Orr & Nutter, for Respondent.

CHIPMAN, C.—Action to rescind a certain agreement be-
tween plaintiff and defendant for the sale of land.   Defendant
demurred to the complaint, on several grounds; his demurrer
was overruled, and defendant declining to answer, the court
gave judgment for plaintiff.   Defendant appeals from the judg-
ment, by bill of exceptions.

Plaintiff alleged ownership and possession of the land; that
on June 30, 1898, plaintiff and defendant entered into the
contract in question, which is set out in the complaint.   By
the terms of the contract, plaintiff agreed to sell the land to
defendant by bargain and sale deed, free from all encum-
brances, "upon his demand, and payment therefor as herein
provided."   The tract consisted of 2,231.42 acres, and the entire

purchase price was $400,000; the consideration mentioned was one dollar, receipt of which was acknowledged, "and of the further payment of $100,000 on or before October 30, 1899, in installments of $10,000 each, beginning on the thirtieth day of October, 1898, and continuing on the thirtieth day of each and every month until said $100,000 was fully paid, and the further payment of $75,000 on or before October 30, 1900, and $75,000 on or before October 30, 1901, and $75,000, October 30, 1902, and $75,000, October 30, 1903, making, in all, $400,000." Interest was to be paid annually thereon, at 6½ per cent. There were stipulations in the contract, that as payments were made plaintiff was to convey a part of the land. Upon the first payment being made as agreed, plaintiff was to convey land at the rate of $250 per acre, in a certain part of the tract, "as may be elected or selected by" defendant, and so as to other payments, certain parts of the tract being designated out of which defendant was to make his selection. It was alleged "that the only consideration for the said contract received by this plaintiff was the promise and agreement on the part of defendant, Charles F. Blandin, to pay to this plaintiff the sums of money mentioned and specified in said contract at the times and in the amounts in said agreement specified"; that the first installment became payable October 30, 1898, but was not paid and has not been paid, "nor has he, said Blandin, at any time offered to pay said sum, or any part thereof; that through the fault of him, said Blandin, the consideration for said contract has failed." It is further alleged that the promises of defendant "were the considerations for the said agreement, and this plaintiff, in consideration of such promises and agreements, and not otherwise, made and executed said contract; that plaintiff believed and relied upon said promises and agreements made by said Blandin, and thereby he was induced to and did make and deliver said contract to him, said Blandin. And the plaintiff on information and belief alleges that said Blandin, at the time of making said agreements, had no intention to perform the same; that plaintiff has faithfully kept and performed said contract, and has at all times since the making thereof been ready, able, and willing to do and perform each and every act and thing therein and thereby required to be done and performed by him; that on the first day of November, 1898, plaintiff notified said Charles F. Blandin that he rescinded the said contract, and the whole thereof, and at the same time

he restored to him, said Blandin, everything of value which he received from him under said contract, viz., the sum of one dollar, in silver coin of the government of the United States; that, notwithstanding the said failure of consideration and rescission, said Blandin continues without right to assert and claim some interest in said premises under said contract." The complaint prays judgment decreeing "that by said rescission the said contract is extinguished, and is of no force or effect"; that defendant has "no interest in or claim to the said described premises, or any part thereof, under, by virtue, or because of said contract," and for costs of action, "and for such other or further relief as to this honorable court may seem proper in the premises."

The demurrer on the grounds of ambiguity will not be considered, as defendant does not insist upon it in his brief.

A demurrer was interposed on the ground of misjoinder of causes of action; also, a general demurrer, on the grounds,— 1. That the complaint fails to show tender of a deed or offer to convey before the action was commenced; 2. It fails to show that plaintiff offered to permit defendant to select any lands which by the agreement he was to select on payment of $10,000, or that plaintiff offered to join defendant in such selection; 3. It fails to show that plaintiff is able to perform.

Defendant's brief is directed mainly to his general demurrer, and his points may be summarized as follows: 1. That there is a failure to state a cause of action on the ground of fraud, under section 1572 of the Civil Code, for the reason that there is no statement that plaintiff was induced to enter into the contract under promises of defendant made with intent to deceive plaintiff; 2. The contract cannot be rescinded for failure of consideration, because time is not of its essence, and also because there was no tender of a deed to defendant.

The misjoinder of actions relied on was, that a cause of action to rescind upon the ground of actual fraud is united with a cause of action to rescind upon the ground of failure of consideration, and that they are not separately stated.

Plaintiff is proceeding under section 1689 of the Civil Code, and not under section 1572, as claimed. Section 3406 of the Civil Code provides that "the rescission of a written contract may be adjudged, on the application of a party aggrieved,— 1. In any of the cases mentioned in section 1689"; and this latter section provides that "a party to a contract may rescind

the same in the following cases only: . . . 2. If, through the fault of the party as to whom he rescinds, the consideration for his obligation fails, in whole or in part; 3. If such consideration becomes entirely void for any cause; 4. If such consideration, before it is rendered to him, fails in any material respect, from any cause." Section 1691 of the Civil Code prescribes the conditions upon which rescission can be accomplished, and they are: 1. That he must rescind promptly; and 2. He must restore to the other party everything of value which he has received from him under the contract.

It is not necessary to inquire whether the complaint states facts sufficient to constitute a good ground for rescission for fraud. The contract is executory. As was said in *Richter* v. *Union Land etc. Co.*, 129 Cal. 367: "In all executory contracts, the several obligations of the parties constitute to each, reciprocally, the consideration of the contract; and a failure to perform constitutes a failure of consideration—either partial or total, as the case may be—within the meaning of section 1689 of the Civil Code." The complaint states that plaintiff promised to convey upon payment being made by defendant at the time agreed, and that the consideration which induced plaintiff to enter into the contract was such payment by defendant. The failure of defendant to make the payment as agreed constituted a failure of consideration, and plaintiff could at once rescind, as he alleges he did, having first returned to defendant everything of value received by plaintiff. If there existed any equitable considerations which would entitle defendant to performance, they cannot be determined on the demurrer, but should have been pleaded by answer. The contention that the complaint lacks in the vital particular that it does not show time to have been of the essence of the contract, cannot be maintained. The complaint could not so state, for the contract contained no such provision. Nevertheless, the breach on defendant's part was complete when he failed to pay as he agreed. What the respective rights of the parties would be had the contract contained the clause as to time being of its essence, need not be considered. But if it had contained such a provision, defendant would be required to perform before he could avail himself of it; he could not refuse to make any payment, and at the same time hold plaintiff to performance. Where the contract does not contain a provision that time is to be of its essence, defendant's rights

are defined in section 1492 of the Civil Code. See, for a full consideration of meaning of the clause referred to, and as to the rights of the purchaser, *Glock* v. *Howard etc. Co.*, 123 Cal. 1.[1]

Plaintiff was not called upon to deliver or offer to deliver a deed before rescinding. Defendant put himself in default by failure to make the payment he had agreed to make. The contract left with defendant the selection of the land to be deeded upon any payment made. Plaintiff could not know in advance what land defendant would select, and he could not, without such knowledge, make tender of a deed; it was only after payment and selection made by defendant that plaintiff was to convey.

Nor can we discover any misjoinder of causes of action. Plaintiff is not rescinding on the ground of fraud, in its legal sense. The ground for rescission is the failure of consideration caused by defendant's breach of the contract.

The facts alleged state but one cause of action. The complaint, when reduced to concrete form, simply alleges plaintiff's right as growing out of his agreement to sell and defendant's agreement to purchase, and alleges defendant's wrong in refusing to perform his part of the contract, out of which arises the cause of action alleged.

There was a motion to strike out certain portions of the complaint, and the bill of exceptions brings up for review the order denying the motion. The alleged error is not now urged.

It is advised that the judgment be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        Garoutte, J., Van Dyke, J., Harrison, J.

[1] 69 Am. St. Rep. 17.