[S. F. No. 11120. In Bank.—April 27, 1926.]

## F. J. STONE, Respondent, v. MARTIN SERIMIAN et al., Appellants.

[1] MECHANICS' LIENS—PLEADING—COMPLAINT.—It is not necessary in a complaint in an action foreclosing a mechanic's lien to aver the existence of the essential requirements of the statute in the precise terms or language of the statute itself, but it is sufficient if, from a reading of the complaint as a whole, it can fairly be deduced that the plaintiff has conformed to the requirements of the statute in the respect that the materials under his agreement with the defendants were to be furnished for the designated structure and that such materials were actually used in the construction.

[2] ID.—CLAIM OF LIEN—FAILURE TO STATE TERMS OF PAYMENT.—Although a claim of mechanic's lien does not contain an exact or correct statement of the agreed terms of payment, where the incorrect statement was not made with intent to defraud and it does not appear that any innocent third party has been misled, the claim of lien is not invalidated by the erroneous statement.

[3] ID. — DUTY OF CONTRACTOR TO PROTECT PROPERTY FROM LIENS — SET-OFF.—It is the duty of a contractor who has contracted with the owner of property to furnish the labor and material for certain construction work, to protect the owner against liens for material furnished, and the owner is entitled to set off against his obligation to the contractor any amount he may have been compelled to pay to relieve his property from liens filed thereon for labor and materials, including attorney's fees and costs of suits to enforce the liens.

---

(1) 40 C. J., p. 424, n. 47, 49, p. 475, n. 22. (2) 40 C. J., p. 208, n. 57, p. 209, n. 60, p. 233, n. 74 New. (3) 40 C. J., p. 380, n. 71.

APPEAL from a judgment of the Superior Court of Fresno County. S. L. Strother, Judge. Reversed.

The facts are stated in the opinion of the court.

C. K. Bonestell and L. M. Hoefller for Appellants.

Harris & Hayhurst and W. D. Crichton for Respondent.

---

1. See 17 Cal. Jur. 182.
2. See 17 Cal. Jur. 135.
3. See 17 Cal. Jur. 192.

WASTE, C. J.—The plaintiff brought this action to recover the sum of $6,581.85 alleged to be the reasonable value of labor and materials furnished by him at defendants' request for the reconstruction of a certain theater building of which the defendants were the owners. There were three counts in the amended complaint. In the first two foreclosure of a mechanic's lien was sought. The third was in the form of a common count for labor performed and materials furnished in and about the construction, alteration, and repair of the building. The defendants answering denied the various allegations of the complaint, and, at the same time, interposed a counterclaim in the sum of $3,800 for labor and materials required to be furnished by the defendants by reason of the failure of the plaintiff to perform and furnish the same. They also interposed a cross-complaint for $6,000 damages alleged to have been caused by reason of the delay occasioned by the plaintiff in the reconstruction of the building.

By the terms of the written contract, which the court found was made, the plaintiff agreed with the defendants to do certain designated work of, and to furnish the materials for, the reconstruction of the old building of the defendants for ten per cent of the cost of such reconstruction, the entire cost, including the builder's ten per cent, not to exceed the sum of $12,500. The contract did not contain the whole agreement between the parties, but it was verbally agreed between the plaintiff and the defendants that the sum of $12,500, which was to be the outside figure for the construction of the building, should be paid in three installments, $4,000 when the walls of the building were up, $4,000 when the roof was on, and $4,500 when the work was completed. The plaintiff commenced the work, but did not fully complete the contract for the reason that, prior to its completion, the defendants repudiated the transaction and refused to pay the second installment of $4,000 when the roof was on, and did not make any further payments. By reason of the failure of the defendants to make payment, the plaintiff was compelled to cease work on the building. The court found that the plaintiff fully complied with all the terms and provisions of his contract until prevented by the defendants, and that the reasonable value of the labor and materials rendered and furnished by the plaintiff under the

contract was the sum of $6,581.85, after deducting the payment of $4,000 made when the walls of the structure were up. Certain items of cost and expenditure claimed by the plaintiff were eliminated from the account and the court entered judgment in favor of the plaintiff for the sum of $5,344.85 and foreclosing the contractor's lien for the amount.

The first contention of the appellants is that there is no evidence to justify the finding of the trial court as to the reasonable value of the labor and materials rendered and furnished by plaintiff under the contract. It was alleged in the amended complaint that the labor and materials were of the reasonable value of $6,581.85. This allegation was denied by the answer. It was stipulated in the contract, with reference to price of materials, that the cost of the entire work should not exceed the sum of $12,500, and that the cost price of materials should be figured at the cost price offered to the contractor. There is no evidence on the question of the value of labor and materials other than that of the plaintiff, who testified that "the entire cost" up to the time he quit the work was $9,889.56, and that ten per cent of that amount was the reasonable value of the services performed by him as general contractor. He also testified that he incurred certain debts and paid for certain items contained in the claim of lien. Other items were not paid for. Assuming that here was an attempt to show the "cost price" of materials "offered to the contractor," which was the measure of plaintiff's right to recover, the evidence does not have that effect.

Certain items, viz., for plumbing, millwork, and lathing, claimed by the plaintiff, were not allowed by the trial court. Complaint is here made that other items should have been disallowed, but we find no error in their inclusion in the aggregate amount found due and secured by the plaintiff's lien.

It is contended that the court should not have decreed foreclosure of the lien for the reason that the complaint did not allege, nor was there any finding, that the materials were furnished to be used and were actually used in the reconstruction of the building. **[1]** It is not necessary in a complaint in an action foreclosing a mechanic's lien to aver the existence of the essential requirements of the statute in the precise terms or language of the statute itself. It is

sufficient if, from a reading of the complaint as a whole, it can fairly be deduced that the plaintiff has conformed to the requirements of the statute in the respect that the materials under his agreement with the defendants were to be furnished for the designated structure and that such materials were actually used in the construction. (*Ensele* v. *Jolley,* 188 Cal. 297, 300 [204 Pac. 1085].) The complaint in this action omits the direct averment, but we are satisfied that it fairly appears therefrom that the materials alleged by the plaintiff to have been furnished were furnished to be used, and were actually used, in the reconstruction of the building by the plaintiff for the defendants under the contract. The claim of lien was attached to the amended complaint and expressly made a part of it. In the absence of a special demurrer upon the ground of uncertainty, the complaint is sufficient to enable proof to be made that the materials in question were agreed to be furnished for, and were furnished for and were actually used in, the construction of the designated structure upon the premises of the defendants sought to be charged with the lien. (*Ensele* v. *Jolley, supra.*) The finding is subject to the criticism urged against the complaint. It should have been more definite and certain, but sufficiently covers the point.

[2] While the claim of lien does not contain an exact or correct statement of the agreed terms of payment, it is not claimed, as we understand the appellants' position, that the incorrect statement was made with intent to defraud. It does not appear, either, that any innocent third party has been misled. The claim of lien was, therefore, not invalidated by the erroneous statement. (Code Civ. Proc., sec. 1203.)

Appellants contend that plaintiff should not have been permitted to include in his claim of lien the item of $1,975.61 for lumber for the reason that a judgment had been rendered against these defendants in an action brought by the Citizens' Lumber Company to recover the price of the lumber and to foreclose a lien for the amount. The minutes of the court were introduced in evidence, but showed merely that judgment had been rendered in favor of the plaintiff in that case. [3] It was the duty of respondent to protect the appellants' property against any lien preferred by the lumber company. The owners are entitled to set off against their obligation to

pay plaintiff so much as the labor he performed and the materials he furnished are reasonably worth the counter-obligation of plaintiff to indemnify them for any amount they have been compelled to pay to relieve their property from liens filed thereon to secure plaintiff's debts, including the attorney's fees and costs in the suits to enforce the liens. (Code Civ. Proc., sec. 1193; *Clancy* v. *Plover,* 107 Cal. 272, 275 [40 Pac. 394]; *Covell* v. *Washburn,* 91 Cal. 560, 563 [27 Pac. 859]; see, also, *Holden* v. *Mensinger,* 175 Cal. 300, 305 [165 Pac. 950].) We have no way of arriving at these amounts. Consequently, the cause must be remanded to the lower court in order that that may be done and the owners be protected against the possibility of being forced to make double payment.

Appellants also contend that the trial court erred in denying them relief on their cross-complaint. They claim that the evidence is insufficient to support the finding that plaintiff, up to the time he quit the work, had performed all the terms and conditions of his contract. The evidence was conflicting and the trial court decided the issue presented by the cross-complaint in favor of the plaintiff.

Because of the errors we have noted, the judgment is reversed.

Shenk, J., Seawell, J., Richards, J., Curtis, J., Lennon, J., and Lawlor, J., concurred.