[Civ. No. 618. Fourth Appellate District.—January 19, 1932.]

GEORGE L. COMBS et al., Respondents, v. MARY EBER-
HARD, Appellant.

HAYWARD LUMBER & INVESTMENT COMPANY (a
Corporation), Respondent, v. GEORGE L. COMBS et
al., Defendants; MARY EBERHARD, Appellant.

Albert E. Weller and LeRoy B. Lorenz for Appellant.

Black, Hammack & Black, Carey McWilliams and Thomas C. Whitlock for Respondents.

LAMBERT, J., *pro tem.*—In this matter George ·L. Combs, Carlyle M. Canning, doing business under the name of Canning Electric, Melvin L. Moore and Arthur C. Baird, copartners doing business under the name of Moore & Baird, brought an action to foreclose mechanics' liens for labor and material furnished to the defendant in the case, Mary Eberhard, the owner of the property on which the liens were sought to be foreclosed. The Hayward Lumber & Investment Company also brought a suit to foreclose its lien upon the same premises for lumber and other materials which it had sold to the plaintiff Combs as a contractor, claiming the sum of $444.89 and $1.50 for recording lien. This suit was consolidated with the first suit. The defendant Mary Eberhard denied full performance by the contractor as alleged, claiming that the full payment had been made for the work actually done, and in her cross-complaint prayed that she have judgment against the contractor Combs for any lien that the court might give to the other claimants for labor and materials sold to the contractor and for general relief. The actions were tried together and the court made one set of findings and conclusions and entered one judgment.

Briefly the first cause of action in the complaint alleged that Combs as a contractor had a contract with the defendant Mary Eberhard, the owner of the property, to furnish material and erect for defendant two houses, etc., for the sum of $5,000 and that the job was completed and plaintiff Combs was paid all of the contract price of $5,000 except $732.35 and that in addition he furnished extra labor and materials of the fair and reasonable value of $313.50; that he filed a valid lien and that the whole of said parcel of land belonging to the owner was necessary for the use of said improvements. The second cause of action in the said complaint was for the fair and reasonable value of labor and materials furnished by Carlyle M. Canning, doing business under the name of Canning Electric, and claimed the sum of $134.92, with all the other appropriate allegations to enforce a lien. The third cause of action in the complaint covered a claim by Melvin L. Moore

and Arthur C. Baird, copartners doing business under the name of Moore & Baird, for the fair and reasonable value of material and labor for certain work done by them, and the amount claimed was $53.90, with the other appropriate allegations necessary to enforce the lien.

The defendant admitted the making of the contract with the plaintiff George L. Combs as above mentioned, and in paragraph 3 of her answer she denies that the plaintiff has fully kept and/or performed the said contract, but admits that she has paid to plaintiff the sum of $4,262.35 on account thereof. She denies that there is a balance of $732.35 on said account. In that connection she alleges that she is entitled to an allowance of $20 for shades eliminated from the contract and $35 for fixtures eliminated, making the total credits $4,317.35. She also denies that the contractor furnished any extra services and material or labor of the value of $313.50, or any other sum. It is not necessary to mention the other denials in the answer or the cross-complaint.

The case went to trial before the court sitting without a jury. The court rendered a decision in favor of all the plaintiffs and made findings generally responsive to the issues, finding, among other things, that the contractor was entitled to extras in the sum of $313.50; that Carlyle M. Canning was entitled to the sum of $134.92, plus $1 for recording lien; that Moore & Baird were entitled to $53.90, plus $1.10 for recording lien. The court also found that the Hayward Lumber & Investment Company was entitled to a judgment against the contractor Combs for the sum of $446.39, being the amount sued for, plus $1.50 for recording and verifying the lien, and it was also adjudged that this was a lien on the property of the defendant Eberhard. The court also allowed interest at seven per cent per annum on all these amounts from the twelfth day of January, 1929, which was the alleged date of the completion of the work, together with their costs. The court, among other findings, found in finding number 14:

"That there is due, owing and unpaid the plaintiff George L. Combs from the defendant Mary Eberhard, the sum of Six hundred six and 26/100 dollars ($606.26), for and on account of performing the aforefound work and supplying the aforefound materials, pursuant to the terms

of the aforesaid contract, and extra materials furnished and labor performed, together with ninety cents (90c) cost of recording mechanics lien filed by the plaintiff George L. Combs herein, making a total of Six Hundred Seven and 16/100 ($607.16), together with interest at the rate of seven (7) per cent per annum, upon the said total, from the 12th day of January, 1929, and together with the costs and disbursements of this action.''

Appellant contends that the findings do not support the conclusions of law nor the judgment, upon the following grounds: First, that the amount of the lien allowed the lumber company for goods sold to the contractor with interest and costs, if any, should be deducted from the amount found due the contractor from the owner; second, that the reasonable value of labor and materials should carry interest only from the date of the judgment; and third, that no costs should have been included nor inserted in the judgment for the reason that no memorandum of costs was served in accordance with the law.

As to the first contention of appellant that the amount of the lien allowed the lumber company for goods sold to the contractor should be deducted from the amount found due the contractor from the owner we agree with appellant. There is no question but that this amount should have been deducted (sec. 1193, Code Civ. Proc.; *Mc-Comber* v. *Bigelow*, 123 Cal. 532 [56 Pac. 449]; *Stone* v. *Serimian*, 198 Cal. 520 [246 Pac. 45, 47].) In the last-named case it is said:

''It was the duty of respondent to protect the appellants' property against any lien preferred by the lumber company. The owners are entitled to setoff, against their obligation to pay plaintiff so much as the labor he performed and the materials he furnished are reasonably worth, the counter obligation of plaintiff to indemnify them for any amount they have been compelled to pay to relieve their property from liens filed thereon to secure plaintiff's debts, including the attorney's fees and costs in the suits to enforce the liens. (Code Civ. Proc., sec. 1193; *Clancy* v. *Plover*, 107 Cal. 272, 275 [40 Pac. 394]; *Covell* v. *Washburn*, 91 Cal. 560, 563 [27 Pac. 859]; see, also, *Holden* v. *Mensinger*, 175 Cal. 300, 305 [165 Pac. 950].)''

However, we believe the court did deduct this amount. This appeal is upon the judgment-roll, and none of the evidence is before the court, but the pleadings are of course a part of the judgment-roll (sec. 670, Code Civ. Proc.).

Appellant lays stress upon the finding 14 of the court heretofore quoted, wherein the court finds that there is due, owing and unpaid to plaintiff George L. Combs from the defendant Mary Eberhard the sum of $606.26 on account of performing the work and supplying materials pursuant to the terms of the contract and extra materials furnished and labor performed, plus 90c for recording lien—$607.16. It must be admitted that the findings in the case are not quite as plain and explicit as they should be. But that is certain which can be made certain (sec. 3538, Civ. Code). In the pleadings we find in the answer of the defendant an admission that she has paid on the contract $4,262.35, but she denies that there is a balance due of $732.35, for the reason that there is an offset of $55 for matters claimed to have been eliminated. The court made a finding in favor of the plaintiff as to the $313.50 extra work. The court found that there was due the contractor from the owner $292.75 on the contract and $313.50 as the reasonable value of extra labor and materials, aggregating $606.26 with interest. After judgment, with none of the evidence in the record, it must be presumed that the court found the matters claimed to have been eliminated not to have been eliminated (*E. Clemens Horst Co.* v. *New Blue Point Min. Co.*, 177 Cal. 631, at 640 [171 Pac. 417]), and this, according to the defendant's admission in the pleadings, would leave an amount due the contractor Combs of $286.96 on the contract after the deduction of the $446.39 for the lumber company's lien, and while this amount does not exactly check with the amount found to be due by the court, on this appeal from a judgment on the judgment-roll, all the intendments are in favor of the judgment, and the findings should be construed to support the judgment if possible. (*Hotaling* v. *Hotaling*, 193 Cal. 368, at 385 [56 A. L. R. 734, 224 Pac. 455]; 2 Cal. Jur., pp. 871 and 872.) Furthermore, as to any uncertainties in the findings, the appellant, when he made no objections to the findings when they were served, has waived the right to object to their uncertainty. In

*Sweet* v. *Hamilothoris,* 84 Cal. App. 775, at 782 [258 Pac. 652, 655], it is said:

"As to appellant's objection that the findings are not direct, but inferential and uncertain, it may be said that so far as the record discloses, appellant proposed no amendments to the findings and raised no objection as to their uncertainty when served, or prior to the signing of the same by the court, hence he cannot raise on this appeal for the first time, the question of uncertainty, or that they are not sufficiently explicit (*Warren* v. *Hopkins,* 110 Cal. 506 [42 Pac. 986] ; *Parke* v. *Hinds,* 14 Cal. 416; *Estate of Perry,* 64 Cal. App. 21 [220 Pac. 321] )."

We think the findings, taken as a whole, together with the pleadings, show that the court did deduct the lumber company bill from the amount of the judgment in favor of the contractor Combs against the owner and that the owner is not required to pay this bill twice as contended by appellant.

As to the second point, that interest should not have been allowed on the judgment in favor of the contractor for $313.50, and the judgment in favor of plaintiff Canning for $134.92 and the judgment in favor of Moore & Baird for $53.90; the amount in all these judgments being the amount found by the court to be the fair and reasonable value of the labor and materials furnished, we think the appellant's contention is correct. It was proper to allow interest on everything that was furnished pursuant to the definite contract between the contractor Combs and the defendant. However, as to the extras furnished by the contractor and the labor and materials furnished by the other two plaintiffs direct to the defendant, the fair and reasonable value was required to be ascertained by the judgment of the court and therefore interest should be allowed only from the date of the judgment (*Kimes* v. *Davidson Inv. Co.,* 101 Cal. App. 382 [281 Pac. 639] ; *Macomber* v. *Bigelow,* 123 Cal. 532 [56 Pac. 449] ; *Burnett* v. *Glas,* 154 Cal. 249 [97 Pac. 423] ; *Grass* v. *Rindge Co.,* 84 Cal. App. 750, at 773 [258 Pac. 673] ).

The next contention of appellant is that the costs in the case were erroneously included in the judgment. As to costs in a case, section 1033 of the Code of Civil Procedure provides:

"Filing of and Affidavit to Bill of Costs. The party in whose favor judgment is rendered, and who claims his costs, must deliver to the clerk, and serve upon the adverse party, within five days after the verdict or notice of the decision of the court or referee, or if the entry of the judgment on the verdict or decision be stayed, then, before such entry is made, a memorandum of the items of his costs and necessary disbursements in the action or proceeding, which memorandum must be verified by the oath of the party, or his attorney or agent, or by the clerk of his attorney, stating that to the best of his knowledge and belief the items are correct, and that the disbursements have been necessarily incurred in the action or proceeding. A party dissatisfied with the costs claimed may, within five days after notice of filing of the bill of costs, file a motion to have the same taxed by the court in which the judgment was rendered, or by the judge thereof at chambers. By the decision of the court, or referee, herein referred to, is meant the signing and filing of the findings of fact and conclusions of law.''

The cost bills are included in the clerk's transcript and the clerk's transcript is certified to by the trial judge. Findings of fact and conclusions of law, judgment and cost bills, were filed on the same day. The cost bills were served on September 6, 1931, some time before the findings and judgment were filed. Appellant makes no argument and cites no authority other than the code section, but states that no costs should have been inserted in the judgment for the reason that no memorandum of costs was served in accordance with law. While it is true the cost bill was not apparently served in accordance with law, we think that this was but an irregularity, and that the judgment for costs is not void on its face. The appellant made no motion to strike the cost bills and we think she has therefore waived the objection. The court in *Muir* v. *Meredith*, 82 Cal. 19, at page 23 [22 Pac. 1080, 1081], said:

"The objection to the costs in the judgment is not well taken. If the costs were not regulary taxed, the defendant should have moved to retax. On such motion the court below could have corrected any error or mistake in the judgment of the costs. The defendants might have reserved an exception to the ruling of the court below as to the costs, and could have had such ruling reviewed by this

court on a bill of exceptions. By failing to do so, any such question is waived, and there is nothing before this court to be considered.''

After a thorough search, we have found no authority contrary to the above, and as it seems to cover the point involved herein we are constrained to follow it.

Appellant has not asked for a reversal of the judgment, but has asked for a modification covering the objections heretofore set forth. From what has been said it follows that the judgment as pronounced by the trial court is correct in all particulars except as to the small items of interest.

It is therefore ordered that the judgment in favor of Carlyle M. Canning be modified by deducting therefrom the sum of $6.54 interest; and that the judgment in favor of Moore & Baird be modified by deducting therefrom the sum of $2.64 interest; and that the judgment in favor of George L. Combs be modified by deducting therefrom the sum of $17.08 interest; and that the aggregate of these amounts be deducted from the total judgment of $1336.71, leaving a total judgment in favor of all the plaintiffs for the sum of $1310.45, and the judgment as so modified is in all respects affirmed, neither party to recover costs on this appeal.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 15, 1932.