[Civ. No. 10087.   Second Appellate District, Division One.—February 18, 1936.]

EVERETT O. KING et al., Respondents, v. NELLIE V. CARROLL, Appellant.

John C. Miles and W. V. Anderson for Appellant.

John A. Graham for Respondents.

ROTH, J., *pro tem.*—Appellant and her husband (now deceased), on August 15, 1930, executed a guaranty of note secured by a deed of trust.   The note matured in three years.   Respondents herein are the payees of said note and the beneficiaries of said deed of trust.   The note, deed of trust and guaranty were all executed as a part of one transaction.   At

the time of the execution of said instruments appellant and her husband (both of whom will be hereinafter referred to as appellant) held a junior encumbrance on the property described in the deed of trust. Subsequent to the execution of said instruments the original makers of the note and trustors named in the deed of trust conveyed the property described in the deed of trust to A. W. Lane and Edith M. Lane, husband and wife, subject to the lien of respondents and the junior lien of appellant. Some time prior to August, 1932, the husband of appellant died and she became the sole owner of the junior lien as a surviving joint tenant. In August, 1932, the Lanes were delinquent in the payment of interest on the note held by respondents, and wrote a letter to respondents acknowledging the delinquency and advising them that they intended to have a conference with appellant. Respondents upon receipt of said letter authorized the bank (trustee named in said deed of trust) to call the loan secured by the deed of trust, and thereafter had a conversation with appellant concerning the purchase by appellant of the trust deed and note owned by respondents. As a result of this conference between respondents and appellant, said parties called upon the Lanes, at the request of appellant, the Lanes being unknown to respondents, and as a consequence of this latter conference and others which succeeded it, appellant agreed orally to extend the junior lien and respondents agreed orally to extend their senior encumbrance. On September 7, 1932, a written agreement was executed between respondents and the Lanes (hereinafter for convenience referred to as extension agreement) which extension agreement, in consideration of $1 paid by the Lanes and their promise to pay accrued and accruing interest on said note, provided in substance that respondents would extend the maturity date of the note and the trust deed securing same for a period of one year. This extension agreement between respondents and Lanes was delivered to the Lanes on September 8, 1932, immediately *after* another written agreement had been executed between respondents and appellant. This latter written agreement (hereinafter referred to for convenience as purchase agreement) was executed by appellant on September 7th, and delivered to respondents on September 8th, and provided in substance that if respondents would execute the extension agreement with the Lanes that

appellant would on August 15, 1933, which was the original maturity date of the note held by the respondents, purchase from respondents for the full amount of the balance then unpaid thereon said note and the trust deed securing the same. Upon the execution of the extension agreement, there was paid by the Lanes to respondents $141, representing $140 interest in arrears and $1 consideration recited in the extension agreement. On May 7, 1933, interest on respondents' note again became delinquent, whereupon appellant went to the bank with respondents and paid said delinquent interest in the amount of $190. On May 26, 1933, appellant purchased the property covered by the deed of trust from the Lanes, and also received from the Lanes their assignment of all their rights and benefits in the extension agreement. On August 15, 1933, appellant did not perform in accordance with the purchase agreement, whereupon respondents on September 1, 1933, brought this action upon the original guaranty executed by appellant, having in the meantime, to wit, on August 24, 1933, rescinded said extension agreement "for the failure and/or partial failure of consideration".

The foregoing *résumé* of the evidence is but a comprehensive outline. It should be stated in addition that the testimony of the Lanes is uncontradicted that they had no knowledge of the purchase agreement, but there are facts other than those outlined which, when considered together with those which have been already specifically stated or suggested, indicate that appellant in the negotiations in question acted not only for herself but as agent for the Lanes, and had full authority to do so. There is, therefore, ample to justify and sustain the trial court's findings that: "3. That on or about the 8th day of September, 1932, plaintiffs extended the note and trust deed, described in said complaint by the execution of a written instrument in words and figures as set forth in defendant's second separate and distinct defense in defendant's answer herein. 4. That the substantial and/or material consideration of and for the said Extension of plaintiffs, and the execution thereof, was the execution and delivery on or about September 8, 1932, by defendant to plaintiffs of her agreement in writing to purchase on August 15, 1933, from plaintiffs, the note and trust deed described in plaintiffs' complaint, for the balance remaining unpaid thereon. . . . 6. That defendant failed to purchase said note and trust deed from plaintiffs

for the balance and/or sum and/or sums remaining unpaid thereon, in accordance with her agreement in writing. 7. That by reason of the failure of defendant to purchase said note and trust deed from plaintiffs on August 15, 1933, for the sum and/or sums then remaining unpaid thereon, as agreed by defendant in writing, and which was a substantial and material part of the consideration for said Extension of plaintiffs, said consideration from defendant to plaintiffs therefor partially failed, and said consideration failed in a substantial and material respect. 8. That by reason of such partial failure of consideration, plaintiffs were entitled to rescind their said Extension. 9. That plaintiffs, prior to the bringing of this suit, duly and according to law, and the provisions of Section 1689 and Section 1691 of the Civil Code of California, rescinded their said Extension. 10. That defendant is estopped to deny the right of plaintiffs to rescind the said extension of plaintiffs.''

Appellant's point on appeal is that she stood in the shoes of the Lanes, and that she was not liable on the guaranty because the note was not yet due since the extension agreement was a separate contract made by respondents with the Lanes for which there was a separate consideration paid by the Lanes, and that the purchase agreement was no part of the extension agreement. On the evidence and the facts, as found by the trial court, there can be no doubt that the purchase agreement was the inducing cause and a material part of the consideration for the extension agreement and that appellant, acting for herself and as agent for the Lanes, was commissioned by the Lanes to obtain the extension agreement. The evidence and the logical inferences which may be drawn therefrom are sufficient to sustain the court's finding that the extension and purchase agreements were inseparable parts of one and the same transaction. On such findings the extension agreement might have been rescinded against the Lanes as readily as it was against the appellant. Both agreements together constituted but one executory agreement. (Civ. Code, sec. 1661; *Platt* v. *Butcher,* 112 Cal. 634 [44 Pac. 1060]; *Henehan* v. *Hart,* 127 Cal. 656 [60 Pac. 726].) Such an executory agreement may be rescinded if the consideration for the same fails in a material part. (Civ. Code, sec. 1689; *Smith* v. *Blandin,* 133 Cal. 441 [65 Pac. 894]; *Mulborn* v. *Montezuma Imp. Co.,*

69 Cal. App. 621 [232 Pac. 162]; *Richter* v. *Union Land & Stock Co.*, 129 Cal. 367 [62 Pac. 39].)

The court erroneously allowed attorneys' fees to respondents but as this item was stricken from the judgment, it is now a moot question.

■ Respondents served their cost bill prematurely, and appellant contends that costs were improperly allowed for that reason. No motion to strike the cost bill was properly made in the trial court. This final contention of appellant is squarely answered by the case of *Combs* v. *Eberhard*, 120 Cal. App. 25, in which the court says at page 31 [7 Pac. (2d) 338]:

"Findings of fact and conclusions of law, judgment and cost bills, were filed on the same day. The cost bills were served on September 6, 1931, some time before the findings and judgment were filed. Appellant makes no argument and cites no authority other than the code section, but states that no costs should have been inserted in the judgment for the reason that no memorandum of costs was served in accordance with law. While it is true the cost bill was not apparently served in accordance with law, we think that this was but an irregularity, and that the judgment for costs is not void on its face. The appellant made no motion to strike the cost bills and we think she has therefore waived the objection."

The judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.