[Civ. No. 6263. Fifth Dist. Apr. 20, 1983.]

TIM B. LANGE, Plaintiff and Respondent, v.
ALFRED DEAN R. FISHER, Defendant and Appellant.

114

COUNSEL

William Benjamin Wolfson for Defendant and Appellant.

William A. Hill for Plaintiff and Respondent.

OPINION

THE COURT.*—Defendant appeals from an order striking his cost bill after judgment.

Code of Civil Procedure section 1033 provides in pertinent part as follows: "In superior courts, . . . the party in whose favor the judgment is

---

*Before Andreen, Acting P. J., Woolpert, J., and Hamlin, J.

ordered, and who claims his costs, <u>must serve upon the adverse party, and file at any time after the verdict or decision of the court, and not later than ten days after the entry of the judgment</u>, a memorandum of the items of his costs and necessary disbursements in the action or proceeding . . . ." (Underlining added.) Here, after a trial without a jury and after the trial judge by minute order had indicated decision for defendant and time for requesting written findings of fact had expired, defendant prepared and sent to the clerk a form of judgment for the judge to sign and a memorandum of costs with proof of service attached showing service by mail on plaintiff March 18, 1980.[1] Plaintiff on March 27, 1980, responded with a motion to strike stating that on April 10, 1980, he would move the court "for its order striking the memorandum of costs heretofore filed herein, and for its further order determining attorney's fees." In accompanying points and authorities, it was indicated the basis for the motion was that the cost memorandum was premature.

The motion remained pending and the court did not rule on it until November 19, 1980. Apparently, it was not orally argued and submitted to the trial court until August 7, 1980, when the court heard a related motion by defendant for an order establishing the validity of the cost bill. In the meantime, the judgment was signed on April 14, 1980, and was filed the next day and with it the clerk also filed the cost bill earlier received from defendant with the proof of service on plaintiff attached.[2]

The trial court's ruling of November 19, 1980, was made by a minute order which stated: "On the motion of Plaintiff to strike Costs Bill served by mail upon Plaintiff on March 18, 1980 by Defendant in the above entitled matter heretofore submitted, the Court has this day rendered the following decision: [¶] IT IS ORDERED by the Court that the Motion to Strike Costs is hereby granted."

The only basis for the motion to strike when the notice of motion was served and filed on March 27, 1980, was that the court had not yet rendered judgment and therefore the cost bill was premature according to section

---

[1]The main item in defendant's cost bill is attorney fees in the amount of $2,780. Attorney fees were recoverable by defendant as the prevailing party in the action, under Civil Code section 1717. Attorney fees may be included in the cost bill in these circumstances. (*T.E.D. Bearing Co.* v. *Walter E. Heller & Co.* (1974) 38 Cal.App.3d 59, 64 [112 Cal.Rptr. 910].)

[2]Further confusion was added when on May 29, 1980, defendant re-served the cost bill on plaintiff and re-filed it with the clerk. Plaintiff countered with a new motion to strike the cost bill, this time on the grounds it was served and filed too late according to section 1033. This motion was heard in the law and motion department June 19, 1980, and was granted by minute order stating: "Memorandum of Costs and disbursements served on counsel for Plaintiff by mail on May 29, 1980, and filed with the Court on June 2, 1980, is ordered stricken."

1033. The motion to strike was itself premature when it was filed, since the cost bill had not yet been filed. When the motion was submitted and the court finally ruled on it, the judgment and the cost bill had both been filed and plaintiff had been served with the cost bill, albeit almost four weeks before it was filed. Since the cost bill and the judgment were filed on the same day, a contention that the cost bill was prematurely *filed* cannot be sustained, and indeed plaintiff does not so contend on appeal. ▉ The only basis for the order granting the motion to strike seems to be that the cost bill was prematurely *served* according to the trial court's interpretation of section 1033.

We think the interpretation thus placed on section 1033 is erroneous. The key language of the section indicates clearly enough that the cost bill must be *filed* "at any time after the verdict or decision of the court, and not less than 10 days after entry of the judgment"; but it does not say, nor in our opinion mean, that the cost bill may only be *served* "after the verdict or decision . . . ." The syntax and punctuation of the pertinent language of the section (see *ante*, p. 115 of this opinion) are inconsistent with that interpretation. Moreover, *serving* and *filing* a cost bill are two distinct acts, each with its own peculiar legal significance and effect, and there is no apparent reason why they should be treated alike for the purposes of section 1033. It is easy to see why the cost bill should not be *filed* until the court has made its decision. The filing of papers in the court's records is closely controlled, generally by statute or court rule, for good and obvious reasons. Until there is a verdict or decision, there is no prevailing party and hence no cost bill entitled to be filed, and the clerk should not accept it for filing, any more than other stray papers not authorized to be filed. The same considerations do not apply to *serving* the cost bill, the sole purpose of which is to give the adverse party notice of it so that he may challenge it if he sees fit within the time allowed by section 1033.[3] It should make no difference to anyone, certainly in the great majority of cases, that the cost bill is served as it was here, after the intended decision has been announced and the time for requesting written findings of fact has expired, when the proposed form of judgment and the proposed cost bill are sent to the clerk, but before the judgment is actually filed.[4] In sum, it seems wholly unlikely to us that the Legislature intended by section 1033 to require that the cost bill be served as well as filed only after, and not before, the judgment has been filed, and that a "premature" serving of the cost bill, without more, would be grounds for striking it.

---

[3]Here referring to other provisions of section 1033 not quoted herein.

[4]We note plaintiff has not contended the early serving of the costs bill made any practical difference to him.

The only cases cited to us or found in independent search where there was an issue of an assertedly premature serving of a cost bill (and no issue of premature filing) are *Pioneer Title Ins. Co.* v. *Guttman* (1959) 175 Cal.App.2d 116, 121 [345 P.2d 577], *King* v. *Carol* (1936) 11 Cal.App.2d 745, 749 [54 P.2d 730], and *Combs* v. *Eberhard* (1932) 120 Cal.App. 25, 31 [7 P.2d 338]. The facts and holding of *Combs* are succinctly stated in the following passage of the court's opinion: "Findings of fact and conclusions of law, judgment and cost bills, were filed on the same day. The cost bills were served on September 6, 1931, some time before the findings and judgment were filed. Appellant makes no argument and cites no authority other than the code section, but states that no costs should have been inserted in the judgment for the reason that no memorandum of costs was served in accordance with law. While it is true the cost bill was not apparently served in accordance with law, we think that this was but an irregularity, and that the judgment for costs is not void on its face. The appellant made no motion to strike the cost bills and we think she has therefore waived the objection." (120 Cal.App. at p. 31.) Significantly, however, the concession by the *Combs* court that the cost bills were "not apparently served in accordance with law" was based upon an earlier version of section 1033 which provided in pertinent part as follows: "The party in whose favor judgment is rendered, and who claims his costs must deliver to the clerk, and serve upon the adverse party, within five days after the verdict or notice of the decision of the court or referee, . . . a memorandum of the items of his costs and necessary disbursements in the action or proceeding . . . ." (*Ibid.*)[5] Given this language, quoted in the *Combs* opinion, at least it was arguable that the cost bill should be *served* as well as filed "within five days after the verdict or notice of the decision" and that service before the five day period would be premature and thus "irregular."[6] Given the present day language of section 1033, however, that reasoning would no longer apply.

In *Carol* v. *King, supra* [11 Cal.App.2d 745], there was again a "premature" serving of the cost bill with no objection or motion to strike by the adverse party, and the Court of Appeal affirmed, citing and quoting from *Combs*.

In the last of the three cases cited, *Pioneer Title Ins. Co.* v. *Guttman*, the pertinent facts were similar but the appellant had filed a motion to strike the

---

[5]This language was changed by 1929 amendment of section 1033 to substantially the same language as in effect today, quoted on pages 114-115 above. (See Deering's Ann. Code Civ. Proc., § 1033.) The author of the *Combs* opinion evidently was unaware of the change.

[6]We think the better view would have been that the words "within five days after the verdict or notice of the decision" meant simply *not after* the five-day period. (See *Williamson* v. *Egan* (1930) 209 Cal. 343, 348 [287 P. 503]; *French* v. *Powell* (1902) 135 Cal. 636, 639-641 [68 P. 92]; *Glass* v. *Benkert* (1971) 18 Cal.App.3d 322, 326-327 [95 Cal.Rptr. 735].)

cost bill, albeit tardily, and the trial court had denied the motion. The Court of Appeal affirmed saying: "We conclude that since the premature service of a copy of the memorandum of costs was a mere irregularity and did not render the judgment for costs void and since defendants did not file their motion until 25 days after such service and 17 days after entry of judgment, which included the costs, and nine days following service of notice of entry of judgment, which included such costs, the court was authorized in denying the motion." (175 Cal.App.2d at p. 122.) The *Pioneer* court did not critically examine the language of section 1033, doubtless feeling no need to do so, but followed the reasoning of *Combs* v. *Eberhard* and *King* v. *Carol*, *supra*, citing both cases and uncritically accepting their premise that under section 1033 the cost bill should be served as well as filed *within* the stated period and not earlier or later.

It follows, therefore, that none of the three cases cited—*Combs, King*, and *Pioneer*—is persuasive authority for the proposition urged by plaintiff and accepted by the trial court that defendant's cost bill was prematurely served according to section 1033 and on that ground could be stricken on plaintiff's motion. We hold that the cost bill was timely served and filed and the trial court erred in granting plaintiff's motion to strike it.

The order appealed from is reversed.