BOUCHER, APPELLANT, *v.* POWERS ET AL., RESPONDENTS.

(No. 1,750.)

(Submitted December 12, 1903. Decided January 11, 1904.)

*Contractor's Lien—Foreclosure — Pleading—Counterclaim—Setoff—Splitting Demand—Answer—Admission.*

1.  Under Code of Civil Procedure, Section 691, orders on the property owner to laborers, given by the contractor for work done in the removal of buildings, are properly pleaded as counterclaims in an action by the contractor or his assignees to foreclose a lien for the contract price of such removal.

2. Where a property owner contracts for the removal of buildings from his property, and on completion of the work the contractor issues orders on the property owner to the laborers assisting in the work, which the property owner refuses to pay until liens therefor are foreclosed, he is not entitled to set off the costs of foreclosure in an action to foreclose a lien for the contract price.

3. An action to foreclose a lien for the contract price of removal of buildings is not barred, as a violation of the inhibition against "splitting demands," where the laborers have previously foreclosed a lien for the amount due them on account of work done for the contractor.

4. Where part of an answer does not contain sufficient allegation within itself or by reference to other parts of the answer to constitute a separate defense, but is merely a repetition of other parts of the answer, which are denied, no specific denial thereof is necessary.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by Frank Boucher against John B. Powers and another. From a judgment for defendants, plaintiff appeals. Reversed.

*Mr. O. M. Hall,* and *Mr. Lewis P. Forestell,* for Appellant.

*Mr. J. L. Wines,* for Respondents.

MR. COMMISSIONER POORMAN prepared the opinion for the court.

This is an appeal from a judgment of dismissal of plaintiff's case. The facts appearing from the pleadings, so far as necessary to be considered in determining the questions raised on this appeal, are: Defendants contracted with one Dayton for the removal of certain buildings. Dayton hired men to assist him in performing the work, and after the completion thereof gave orders on the defendants for the payment of the workmen. The defendants did not honor these orders, and did not pay either Dayton or the workmen, except a small payment made to Dayton. Both Dayton and the workmen then filed liens against the property. Afterwards Dayton assigned his claim to the plaintiff and the workmen assigned their claims to Ernest Clark. Both assignees instituted action on February 21, 1896, for the foreclosure of the liens. A decree of foreclosure in the

Clark suit was entered April 11, 1896. Nothing further appears to have been done in the case at bar until February 25, 1899, when an amended complaint was filed. The defendants in the meantime had paid the Clark judgment, and in their answer to the amended complaint, after denying most of the allegations therein, alleged as a counterclaim damages arising from the delay and careless manner in which the work was performed, pleaded the separate amounts due the several workmen, entry of the Clark judgment, and decree of foreclosure, and alleged the payment thereof by defendants in May, 1897, to protect their property from forced sale, and that this was "money paid, laid out and expended for Dayton." Plaintiff admits the payment of this judgment, but alleges that only $200 thereof was expended by the defendants in satisfaction of the labor liens, and that the balance of said judgment was caused by the wrongful acts of the defendants in not honoring the orders given the workmen and in not paying Dayton. Plaintiff also admits that defendants are entitled to a credit of this $200 in addition to the payment theretofore made to Dayton.

It is claimed by appellant that the Clark judgment is not a proper counterclaim or setoff to plaintiff's demand, and that it was the duty of defendants to honor the orders given by Dayton to the workmen. Respondents contend that they were not obliged to recognize the order for a part of Dayton's demand. The trial court appears to have proceeded upon the theory that no duty rested upon the defendants to recognize the claims of the workmen until the same were merged in a judgment of foreclosure against defendants' property, and that this entire judgment then became a proper setoff.

These proceedings are in equity, and under a special statute (Section 2130 et seq., Code of Civil Procedure) and the law relating to "setoff," "counterclaim," "defense," and "splitting of demands" must be applied with reference to the terms of that statute. This Clark judgment, if regarded merely as "money paid, laid out and expended" by the defendants for the benefit of plaintiff's assignor, does not constitute any de-

fense or setoff, for it was not "existing and matured for action·
in favor of the party asserting the same at the time" this action
was commenced. (*McGuire* v. *Edsall,* 14 Mont. 359, 36 Pac.
453.)

Section 691 of the Code of Civil Procedure defines a coun-
terclaim as (1) "a cause of action arising out of the contract
or transaction, set forth in the complaint, as the foundation of
the plaintiff's claim, or connected with the subject of the ac-
tion;" (2) "in an action on contract, any other cause of action
on contract, existing at the commencement of the action."

It is only by treating this Clark judgment and the claims
merged therein as coming within the terms and meaning of
the first subdivision of the section quoted that they or it can be
considered as any defense or setoff whatsoever.    The various
claims merged in that judgment are separately specified and
pleaded, and the judgment itself is also pleaded.    The defend-
ants, in the absence of contract relations, were not personally
liable to the workmen, but their property was liable.    The labor
claims in the Clark case were for assistance rendered in per-
forming the very work which is the basis of plaintiff's action,
and properly comes within this first subdivision.    They are
for labor done, and were liens against the property of defend-
ants, and, whether paid by defendants or not, were proper to
be pleaded as an equitable defense in an action by the con-
tractor or his assignee for the contract price; and this defense
continues so long as these claims remain a lien against defend-
ants' property.    It would be inequitable to maintain that a
contractor could force the owner to pay him the full amount
of the contract price when there was at the same time an out-
standing claim created by the contractor, and with reference
to the very thing constituting his cause of action, and for which
the property of the defendants was subject to forced sale.    A
duty also rests on the owner—that of paying the amount he
agreed to pay for the work done; and when he wrongfully re-
fuses to pay the contractor, or to honor his orders for the pay-
ment of the workmen, thereby causing liens to be filed, or

wrongfully contests the actions brought for the foreclosure of the liens, he cannot set off the costs thus caused by his own wrongful act against the claim of the contractor or his assignee. Whether it was the duty of the defendants, as a matter of law, to honor these orders, is immaterial. The orders served to give them notice of these outstanding claims against their property. They were also an acknowledgment by the contractor that the amounts were correct. The danger of paying spurious claims or of making volunteer payment was thus avoided. Their payment would have been a proper charge or counterclaim against the contractor, and a proper setoff against the demand of his assignee. The inhibition against "splitting demands" does not apply. The law splits the demand when it authorizes the workman to file a lien for the amount due him, irrespective of whether this amount corresponds with the original contract price. If the owner chooses at his own instance to contest these labor claims after they are acknowledged by the party personally liable, and is defeated, he cannot set off the cost of his own contest against the demand of the contractor. The replication to the answer by alleging that the costs, attorneys' fees and accumulated interest on this Clark judgment were occasioned by the wrongful acts of the defendants, presented an issue of fact which, together with the other questions of fact appearing in the pleadings, should have been tried.

The paragraphs of defendants' answer are not numbered, but certain divisions appear therein. In that part of the answer designated as "fourth" the defendants say: "Prior to the commencement of this action these defendants paid unto the said Edgar Dayton upon said contract * * * the sum of $24.25, making a total of $340.25, paid as aforesaid unto the said Dayton, and paid, laid out and expended for him for his use and benefit as hereinbefore stated." This part of the answer is not specifically denied by plaintiff, and defendants claim that it therefore stands admitted, but this division of the answer does not contain sufficient allegation, neither within itself nor by reference to other parts of the answer, to constitute a separate defense (*Hefferlin* v. *Karlman,* 29 Mont. 139, 74 Pac. 201),

and cannot be treated as anything more than an affirmative statement inconsistent with the allegations of the complaint. It is merely a repetition of other parts of the answer which are denied by the replication. No specific denial of this division of the answer was therefore necessary.

We recommend that the judgment appealed from be reversed, and the cause remanded for a new trial.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment is reversed, and the cause remanded.

MR. JUSTICE MILBURN, not having heard the argument, takes no part in this decision.