[No. 20740.   Department One.   December 8, 1927.]

JOHN GORDON, *Respondent,* v. CHARLES A. HULTIN, *Appellant.*[1]

[1] MECHANICS' LIENS (106)—ENFORCEMENT—FEES AND COSTS. Upon the foreclosure of mechanics' liens of the contractor and others, the owner is not entitled to deduct attorneys' fees and costs in such foreclosure caused by his unnecessary and unwarranted resistance thereto, under Rem. Comp. Stat., § 1139, providing that the owner shall be entitled to deduct from any amount due the contractor the amount of the judgment and costs on liens the defense of which rested upon the contractor.

[2] APPEAL (398)—REVIEW—PRESUMPTIONS—JUDGMENTS AND ORDERS. In the absence of any statement of facts, it will be presumed in aid of a mechanic's lien foreclosure, that such conditions existed as justified the disallowance of plaintiff's claim for costs and attorneys' fees in defending the suits.

[3] COSTS (65)—ON APPEAL—MODIFICATION. A clerical error in a decree fixing a wrong date for the commencement of the interest period, which would have been corrected if it had been called to the trial court's attention, will not warrant the allowance of appellant's costs on appeal, upon affirmance of the judgment with remand to correct the date and the respondent is entitled to costs.

Appeal from a judgment of the superior court for King county, Ronald, J., entered April 1, 1927, in favor

[1] Reported in 261 Pac. 785.

of the plaintiff, in an action to foreclose a mechanic's lien, tried to the court. Affirmed

*Carl J. Smith,* for appellant.

*Stratton & Kane,* for respondent Smith Courtney Co.

*Elias A. Wright; Sam A. Wright,* and *Schwellenbach, Merrick & Macfarlane,* for respondent and interveners Pioneer Sand & Gravel Co.

PARKER, J.—The plaintiff, Gordon, commenced this action in the superior court for King county, seeking foreclosure of his lien claim upon hotel property belonging to the defendant, Hultin, situated in Seattle; Gordon's claim being for remodeling and reconstructing the hotel building under a contract therefor with Hultin.

Three other concerns, claiming liens upon the property for labor and material furnished to Gordon for the improvement, later became parties to the action. The cause, being of equitable cognizance, proceeded to trial before the court sitting without a jury, resulting in a decree awarding foreclosure of the lien claim of each of the three additional parties as superior to the lien claim of Gordon, and awarding foreclosure of the lien claim of Gordon subject thereto, deducting from the whole amount due Gordon from Hultin the aggregate amount of the claims of the additional parties, but decreeing

" . . . that the costs and attorneys' fees and interest of the additional defendants and interveners shall not be charged against the plaintiff, but shall be enhanced and charged against the defendant in this foreclosure proceeding and shall not be offset as against the net judgment of the plaintiff;"

this, manifestly, upon the theory that, under the facts shown upon the trial, it was the duty of Hultin to have

paid these claims and taken credit therefor against Gordon, without litigating them and thereby unnecessarily causing costs and attorneys' fees incident to their foreclosure and taxed against him. From this disposition of the case in the superior court, Hultin has appealed to this court.

[1] The principal, and only serious, contention here made in behalf of appellant Hultin is that the trial court erred in refusing to award and give credit to him, as against Gordon, the amount of the costs and attorneys' fees awarded to the additional parties against him. The trial court made no findings of fact, and we do not have before us any bill of exceptions or statement of facts certified by the trial judge, advising us as to the facts proven upon the trial. Counsel for Hultin invoke the provisions of Rem. Comp. Stat. § 1139, [P. C. § 9715], reading as follows:

"The contractor shall be entitled to recover upon the claim filed by him only such amount as may be due him according to the terms of his contract, after deducting all claims of other parties for labor performed and materials furnished; and in all cases where a claim shall be filed under this chapter for labor performed or materials furnished to any contractor, he shall defend any action brought thereupon at his own expense; and during the pendency of such action, the owner may withhold from the contractor the amount of money for which the claim is filed; and in case of judgment against the owner or his property, upon the lien, the owner shall be entitled to deduct from any amount due or to become due by him to the contractor, the amount of the judgment and costs, . . . "

The argument seems to be, in substance, that, under all circumstances, the owner is entitled to recover against his contractor all costs and attorneys' fees taxed in foreclosure proceedings prosecuted to judgment against his property by the contractor's mater-

ialmen, mechanics or sub-contractors. While it is true that ordinarily, under the statute above quoted, the owner has the right to recover from his contractor whatever costs and attorneys' fees he has necessarily had charged against him in foreclosures by laborers, materialmen or sub-contractors, we think it is plain that the owner is not entitled to recover costs and attorneys' fees in such foreclosures, which he, the owner, has unnecessarily caused to be taxed by his unnecessary and unwarranted resistance to such foreclosures.

[2] We are not advised by the record before us but that, by some express or clearly implied agreement between Gordon and Hultin, it became Hultin's legal duty to pay the claims of these three additional parties without resistance thereto and deduct the amount thereof from the amount he owed Gordon upon his contract. In the absence of the evidence advising as to what was proven upon the trial of the case, we must now presume in support of the decree, as rendered, that such conditions were shown as justified the disallowance of Hultin's claim as against Gordon for the costs and attorney's fees in question. The following decisions, we think, clearly support this conclusion: *Powell v. Nolan,* 27 Wash. 318, 67 Pac. 712, 68 Pac. 389; *Adams v. Burbank,* 103 Cal. 646, 37 Pac. 640; *Boucher v. Powers,* 29 Mont. 342, 74 Pac. 942. The following decisions are of interest in this connection, touching conditions under which an owner becomes entitled to credit against his contractor, such as is here claimed: *Covell v. Washburn,* 91 Cal. 560, 27 Pac. 859; *Clancy v. Plover,* 107 Cal. 272, 40 Pac. 394; *Campbell v. Kimball,* 87 Neb. 309, 127 N. W. 142; *Smith v. Faris-Kesl Const. Co.,* 27 Idaho 407, 150 Pac. 25; *Stone v. Serimian,* 198 Cal. 520, 246 Pac. 45.

[3]   Error is claimed in behalf of Hultin in that the trial court fixed a wrong date for the commencement of the running of an interest period.   This claim of error is manifestly well founded, and is conceded by counsel for Gordon, but the record renders it apparent that it was a mere clerical error in the drafting of the decree, which would have been corrected at that time had the court's attention been called to it by counsel.

We conclude that the decree should be in all things affirmed, except as to the date of the beginning of the interest period in question.   It is so ordered.   The cause is remanded to the superior court with directions to correct the decree accordingly.   Under the circumstances, we conclude that Gordon is entitled to his costs incurred in this court.   It is so ordered.

MACKINTOSH, C. J., FRENCH, MITCHELL, and TOLMAN, JJ., concur.