IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 86310-0-I |
| Respondent, | |
| v. | DIVISION ONE |
| JOEL WHITE, | UNPUBLISHED OPINION |
| Appellant. | |

PER CURIAM — Joel White appeals from the order of the superior court denying his motion to "modify or correct" the final judgment and sentence entered against him in 2013. White's trial court motion relied on CrR 7.8(b)(4)-(5) as the sole bases for relief from that final judgment. However, White's appellate briefing relies on CrR 7.8(a) as the claimed basis for relief. White also requests that we strike certain legal financial obligations imposed as part of his now-decade-old sentence. Holding that White does not establish an entitlement to appellate relief, we affirm.

A

CrR 7.8(a) and CrR 7.8(b) set forth distinctive bases for relief. CrR 7.8(a) concerns a "superior court's authority to correct clerical errors in its own documents." *State v. Bogart*, 30 Wn. App. 2d 752, 758, 546 P.3d 526, *review denied*, 3 Wn.3d 1017 (2024). Indeed, "'[t]he rule is limited to situations where there is a question whether a trial court intended to enter the judgment that was

actually entered.'" *Bogart*, 30 Wn. App. 2d at 761-62 (quoting *Presidential Ests. Apt. Assocs. v. Barrett*, 129 Wn.2d 320, 326 n.5, 917 P.2d 100 (1996)).

CrR 7.8(b), on the other hand, permits vacation or modification of a final judgment and sentence for specific enumerated reasons, including (1) mistakes or irregularities in obtaining the judgment, (2) newly discovered evidence, (3) fraud or misrepresentation, (4) a void judgment, or (5) "[a]ny other reason justifying relief from the operation of the judgment."

Here, White's motion in the trial court sought to collaterally attack his judgment and sentence in reliance on CrR 7.8(b)(4) and (5), which constituted an attempt to obtain relief from a void judgment or relief based on "[a]ny other reason justifying relief from the operation of the judgment." However, on appeal, White seeks to collaterally attack his judgment and sentence in reliance on CrR 7.8(a), which constitutes an attempt to correct an alleged clerical error. These are legally distinct bases for relief. We consider them as such in the analysis that follows.

B

White does not establish an entitlement to appellate relief. White's motion in the trial court did not cite to or rely on CrR 7.8(a) as a basis for relief. Now, however, his appellate briefing does. White therefore raises the CrR 7.8(a) claim for the first time on appeal, and we do not consider it. RAP 2.5(a); *see, e.g., Wingert v. Yellow Freight Sys., Inc.*, 146 Wn.2d 841, 853, 50 P.3d 256 (2002) (" 'Arguments not raised in the trial court generally will not be considered on appeal.' " (quoting *State v. Riley*, 121 Wn.2d 22, 31, 846 P.2d 1365 (1993)));

2

*State v. Mercado*, 181 Wn. App. 624, 632, 326 P.3d 154 (2014) ("In general, a party may not raise an issue for the first time on appeal that it did not raise below").

This rule is particularly appropriate when a CrR 7.8(a) motion is at issue. A brief discussion of the reason the rule exists and the trial court's duty when applying the rule makes this apparent.

> The superior court has the
>
> authority to correct clerical errors in its own documents. We have recognized that the court's authority in this regard is identical in both criminal and civil matters. *See State v. Snapp*, 119 Wn. App. 614, 626-27, 82 P.3d 252 (2004) (citing *Presidential Ests. Apt. Assocs. v. Barrett*, 129 Wn.2d 320, 326, 917 P.2d 100 (1996); *State v. Klump*, 80 Wn. App. 391, 397, 909 P.2d 317 (1996); CR 60(a); CrR 7.8(a)). On the topic of clerical errors in judgments, a well-respected authority on civil rules in Washington once observed that,
>
> > [t]o be distinguished from the vacation or setting aside of a judgment is the correction of a judgment because of a clerical error. This involves the matter of amending the judgment to make it correspond to the facts and law as actually decided and applied. It has long been established in Washington that a court has inherent power to modify a judgment entry to make it conform to the judgment actually rendered.
>
> Philip A. Trautman, *Vacation and Correction of Judgments in Washington*, 35 WASH. L. REV. 505 (1960).

*Bogart*, 30 Wn. App. 2d at 758 (alteration in original) (citations omitted).

> As we explained recently,
>
> [t]he court's ability to correct its judgment entries flows from the court's "inherent power to make its judgments conform to the truth." *State ex rel. N. Pac. Ry. Co. v. Superior Court for King County*, 101 Wash. 144, 147, 172 P. 336 (1918); accord *Huseby v. Kilgore*, 32 Wn.2d 179, 192, 201 P.2d 148 (1948); *Penchos v. Ranta*, 22 Wn.2d 198, 206, 155 P.2d 277 (1945); *Callihan v. Dep't of Lab. & Indus.*, 10 Wn. App. 153, 156-57, 516 P.2d 1073 (1973). Therefore, "if the court directs a certain judgment and another and

different judgment is entered, this may be corrected." *Trautman*, *supra*, at 505. *See, e.g., Gordon v. Hultin*, 146 Wash. 61, 65, 261 P. 785 (1927) ("[T]he record renders it apparent that it was a mere clerical error in the drafting of the decree, which would have been corrected at that time had the court's attention been called to it by counsel."); *Litzell*, 96 Wash. at 477-78 (where original decree was not decree actually rendered and intended to be rendered by the court, court has inherent power to modify judgment entered to make it conform to judgment actually rendered). In correcting its judgment entry, the court may do so

> "on its own motion at any time. . . . If the court directs judgment for one party, and the clerk enters it for another, or if the court directs a certain judgment and another and different judgment is entered, doubtless the court can order its correction when the matter is brought to its attention; but the error must appear on the face of the record; the court cannot, in this manner, correct or modify a judgment entered in accordance with its directions."

*Huseby*, 32 Wn.2d at 192 (quoting *McCaffrey*, 95 Wash. at 207-08).

*Bogart*, 30 Wn. App. 2d at 759-60 (alterations in original) (footnote omitted)

(citations omitted).

However, there are limitations on the trial court's authority.

> It must be noted, however, that "[a] distinction exists between a clerical error," which may be corrected under the applicable rule, "and a judicial error, which may not." *See In re Marriage of Stern*, 68 Wn. App. 922, 927, 846 P.2d 1387 (1993). Our Supreme Court has instructed that,

> > [i]n deciding whether an error is "judicial" or "clerical," a reviewing court must ask itself whether the judgment, as amended, embodies the trial court's intention, as expressed in the record at trial. *Marchel v. Bunger*, 13 Wn. App. 81, 84, 533 P.2d 406, *review denied*, 85 Wn.2d 1012 (1975). If the answer to that question is yes, it logically follows that the error is clerical in that the amended judgment merely corrects language that did not correctly convey the intention of the court, or supplies language that was inadvertently omitted from the original judgment. If the answer to that question is no, however, the error is not clerical, and, therefore, must be judicial. Thus, even though a

4

> trial court has the power to enter a judgment that differs from its oral ruling, once it enters a written judgment, it cannot, under CR 60(a), go back, rethink the case, and enter an amended judgment that does not find support in the trial court record.

*Presidential Ests. Apt. Assocs.*, 129 Wn.2d at 326; *accord Wilson v. Henkle*, 45 Wn. App. 162, 167, 724 P.2d 1069 (1986). Indeed,

> [w]hether a trial court intended that a judgment *should have a certain result* is a matter involving legal analysis and is beyond the scope of CR 60(a). The rule is limited to situations where there is a question whether a trial court intended to enter the judgment that was actually entered.

*Presidential Ests. Apt. Assocs.*, 129 Wn.2d at 326 n.5.

*Bogart*, 30 Wn. App. 2d at 761-62 (alterations in original).

Thus, a CrR 7.8(a) motion does not raise a purely legal question. Rather, the primary questions are factual ones: what was the subjective intent of the trial judge and did the judge's actions or statements manifest this intent. This is why when reviewing a CrR 7.8(a) motion, we look to whether the judge deciding the matter was the judge who entered the judgment as well as to the trial court's oral opinion. *Bogart*, 30 Wn. App. 2d at 762; *In re Marriage of Getz*, 57 Wn. App. 602, 604-05, 789 P.2d 331 (1990).

Because a CrR 7.8(a) motion presents a fact-intensive inquiry, and because the trial court is unquestionably in the best position to resolve the necessary factual questions, it is imperative that a CrR 7.8(a) claim be first raised in the trial court. By not doing so, White's reliance on CrR7.8(a) for the first time on appeal does not warrant our consideration.

C

White's trial court motion did rely on CrR 7.8(b) as a basis for relief.

5

However, White's appellate briefing does not address the trial court's ruling denying him relief on this claim. He has therefore abandoned his CrR 7.8(b) claim on appeal. *See, e.g., Sprague v. Spokane Valley Fire Dep't*, 189 Wn.2d 858, 876, 409 P.3d 160 (2018) ("We will not consider arguments that a party fails to brief."); *Carter v. Curlew Creamery Co.*, 20 Wn.2d 275, 284, 147 P.2d 276 (1944) ("Neither of these questions is urged in the briefs of appellant, and we think we are justified in assuming that they have been abandoned."); *Blue Spirits Distilling, LLC v. Wash. State Liquor & Cannabis Bd.*, 15 Wn. App. 2d 779, 794, 478 P.3d 153 (2020) ("We do not consider issues 'clearly abandoned on appeal.'" (quoting *Holder v. City of Vancouver*, 136 Wn. App. 104, 107, 147 P.3d 641 (2006))); *Bldg. Indus. Ass'n of Wash. v. McCarthy*, 152 Wn. App. 720, 749 n.12, 218 P.3d 196 (2009) ("[E]ven had the parties raised these issues to the trial court, but failed to continue to press those arguments on appeal, . . . we would consider the arguments abandoned and not address them."); *Diel v. Beekman*, 1 Wn. App. 874, 876, 465 P.2d 212 (1970) ("Plaintiffs advanced this argument to the trial court but failed to argue it in their brief. It is therefore regarded as abandoned.").

D

White's appellate briefing next assigns error to the imposition of a $500 victim penalty assessment and a $100 DNA collection fee at the time that the superior court originally entered his judgment and sentence in 2013. In so doing, he relies on May 2023 legislative amendments to the statutes governing victim penalty assessments and DNA collection fees. LAWS OF 2023, ch. 449, §§ 1, 4,

*amending* RCW 7.68.035; RCW 43.43.7541.  His reliance on those amendments

is unavailing.

RCW 7.68.035, as amended, reads, in pertinent part, as follows:

(1) Except as provided in subsection (4) of this section, *when any adult person is found guilty in any superior court* of having committed a crime . . . there shall be imposed by the court upon such convicted person a penalty assessment.  The assessment shall be in addition to any other penalty or fine imposed by law and shall be five hundred dollars for each case or cause of action that includes one or more convictions of a felony or gross misdemeanor . . . .

. . . .

(4) The court shall not impose the penalty assessment under this section *if the court finds that the defendant*, *at the time of sentencing*, *is indigent* as defined in RCW 10.01.160(3).

(5) *Upon motion by a defendant*, the court shall waive any crime victim penalty assessment imposed prior to July 1, 2023, if:

. . .

(b) The person does not have the ability to pay the penalty assessment.  A person does not have the ability to pay if the person is indigent as defined in RCW 10.01.160(3).

(Emphasis added.)

RCW 43.43.7541, as amended, reads as follows: "*Upon motion by the*

*offender*, *the court* shall waive any fee for the collection of the offender's DNA

imposed prior to July 1, 2023."  RCW 43.43.7541(2) (emphasis added).

The amended victim penalty assessment statute thus provides that an

offender who is found indigent is entitled to the benefit of this statute on entry of

judgment in the superior court or on motion of the offender in the superior court.

RCW 7.68.035(1), (4), (5)(b).  The amended DNA fee statute, on the other hand,

provides that an offender is entitled to the benefit of that statute on motion of the

offender in the superior court. RCW 43.43.7541(2). Given that the legislature intended for such relief to be provided in the trial court, a challenge to a trial court's noncompliance with the foregoing statutory provisions is to be heard on direct appeal from the allegedly erroneous trial court decision. *State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023) (holding that RCW 7.68.035(4), .035(5)(b) applied therein to an offenders' challenge to the imposition of a victim penalty assessment "because this case is on direct appeal" from the entry of judgment).

White does not establish an entitlement to relief. Unlike in *Ellis*, the present matter is not on direct appeal from the entry of judgment. To the contrary, White's appeal is taken from the trial court's denial of a motion collaterally attacking his judgment and sentence. Neither *Ellis*, nor the cited statutes, establish that White may challenge the previously entered legal financial obligations for the first time on appeal from the denial of a collateral attack upon the judgment.[1]

E

Lastly, even if none of the foregoing analysis applied to the matter before us, White's CrR 7.8(b) challenge is untimely. A motion based on CrR 7.8(b) "shall be made within a reasonable time . . . and is further subject to RCW 10.73.090." RCW 10.73.090(1) provides that "[n]o petition or motion for collateral

---

[1] Additionally, White does not present citation to the record in support of the proposition that the statutorily required finding of indigency has been made in the trial court. Therefore, even if we were able to relieve White from the victim penalty assessment based on the posture of his appeal (which we cannot), White has not provided us with the necessary factual predicate to do so.

attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction."

Here, the trial court entered White's judgment and sentence in 2013. White did not appeal his convictions, so his judgment and sentence became final on the date that it was entered. White submitted the trial court motion at issue here nearly one decade later, in 2023. His motion relied on CrR 7.8(b), which is subject to RCW 10.73.090, which, in turn, precludes a "motion for collateral attack on a judgment and sentence in a criminal case" that is "filed more than one year after the judgment becomes final." Given that, White's motion collaterally attacking his final judgment and sentence is untimely. Thus, for this reason as well, White does not establish an entitlement to appellate relief.[2]

---

[2] We note that the State requests, for the first time on appeal, that we treat White's challenge to his judgment and sentence as a personal restraint petition. However, the State did not establish in the trial court whether White's collateral attack against his judgment and sentence was time-barred pursuant to RCW 10.73.090(1).

When the State fails to establish in the trial court that a defendant's challenge to a judgment and sentence is time-barred pursuant to RCW 10.73.090(1), we do not consider the State's request on appeal to resolve such a challenge as a personal restraint petition. *See State v. Vasquez*, No. 102045-7, slip op. at 6 n.5 (Wash. Dec. 19, 2024), https://www.courts.wa.gov/opinions/ pdf/1020457.pdf (declining to consider the State's argument to treat Vasquez's claim as a collateral attack, rather than an appeal, because the State did not establish in the trial court that the judgment and sentence was time-barred); *Vasquez*, No. 102045-7, slip op. concurrence at 1 n.1 (Madsen, J.) ("The State did not argue that the matter be transferred to the Court of Appeals to be decided as a personal restraint petition (PRP), nor did it object to the trial court resentencing Vasquez. . . . It is likely that the trial court erred in granting Vasquez relief under CrR 7.8 and should have transferred the case to the Court of Appeals to be treated as a PRP."); *Vasquez*, No. 102045-7, slip op. concurrence at 6 (Gordon McCloud, J.) ("The State's decision to decline to raise the time bar in the trial court has consequences. Whether we call it a waiver of the statute of

Accordingly, we affirm.

For the Court:

_____ Smith, C.J.

_____ Díaz, J.

_____ Coburn, J.

---

limitations defense, or an invited error, or a forfeit error, or simply acquiescence, the State has agreed to Vasquez's request for resentencing." (footnotes omitted)); *State v. Molnar*, 198 Wn.2d 500, 509, 497 P.3d 858 (2021) (motion for resentencing was an untimely collateral attack that should have been transferred to the Court of Appeals for consideration as a PRP); *see also State v. Kelly*, No. 102002-3 (consolidated with No. 102003-1), slip op. concurrence at 11 (Gordon McCloud, J.) (Wash. Dec. 19, 2024), https://www.courts.wa.gov/opinions/pdf/1020023.pdf.